OPINION of the Court, by
Ch. J. Edwards.
— This appears to have been a prosecution under the act of the legislature, approved February 23d 1808. The assignments of error question the sufficiency and legality of the notice, and the propriety of proceeding in the county court upon the case as made out, it being contended not to be embraced by the before mentioned statute. With regard to the notice, the assignment cannot be regarded ; the object of a notice in all such cases is to apprise the adverse party of the application intended to be made to the court, and the grounds of it, with such certainty as is necessary to enable him to prepare for his defence. And when he does come forward and defend himself, without making any exception to the notice itself, he must be considered as having waived every objection to it, and consequently cannot have any benefit from any error or defect therein in this court. But to decide the other objection made by the assignment, the case made out must be compared with the law.
It appears that Marshall issued a fee bill as follows :
“ Elizabeth Dogget [William Byram to pay] Dr.— February 1807 — Order and copy to assign dower, 43 cents — recording assignment of dower, 25, ord. 25, cert. 25 — 75, &c. &c. T. MARSHALL, C. M. C.”
This fee bill was put into the hands of the sheriff, who demanded the amount thereof from By ram, who paid it to him on being threatened with distress if he did not pay. Byram then commenced his prosecution in the county court, in which judgment was pronounced against Marshall. By the 4th sec. of the before recited act, it is enacted, “ that if any clerk within this state shall at any time hereafter, presume to charge, ask, demand or issue fee bills for any fee or fees, to which he is not lawfully and justly entitled for services actually readered, every clerk so offending, shall forfeit and pay *342 to the person or persons injured, any sum not exceeding, ten dollars, and the amount of the fee or fees improperly charged ; with costs, to be recovered by motion before the court of which he is clerk,” &,c.
In this case it does not appear, nor has it been suggested, that the fee bill was issued for any fee or fees to which the plaintiff was not lawfully and justly entitled for services actually rendered ; which, as to issuing fee bills, seems to be the only case provided for by the 4thsec. of the before mentioned statute. The fee bill is, one legally issued against Elizabeth Boggett, and there is nothing in it vvhiclr confers on the sheriff authority to coerce the amount from any other person. The note enclosed in, brackets, “ Wiiliam Byram to pay,” did not render Byram responsible to the sheriff for the amount j it gave the sheriff no power to distress him ; and consequently was not a fee bill issued against him, and therefore cannot justify the prosecution and judgment which has been rendered against the plaintiff. If the defendant has been imposed on, and his money improperly or unjustly obtained from him, he is not without redress ; though he may not be entitled to that redress under a penal statute so restricted by its own phraseology, and by the rules of construction which are applica? ble to it, as not to embrace his case-
judgment reversed.